UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOSEPH MCMANUS                                    CIVIL ACTION

VERSUS                                            NO. 25-1859

REGINALD J LAURENT ET AL.                         SECTION "J" (3)

## <u>REPORT AND RECOMMENDATION</u>

*Pro se* Plaintiff Joseph McManus filed this lawsuit against City Prosecutor Reginald J. Laurent and the Honorable Bryan D. Haggerty ("Defendants").[1]

Plaintiff's lawsuit arises from an arrest warrant issued while his late father ("Mr. McManus") was in the hospital. Plaintiff alleges that Mr. Laurent is liable for pursuing charges against his father and for playing some role in the issuance of a warrant for his arrest.  Plaintiff alleges that Judge Haggerty is liable for declining to dismiss the charges against his father. Plaintiff also alleges that Judge Haggerty did not allow Plaintiff to have his phone, which Plaintiff characterizes as a medical device, in court or at the courthouse.[2]

Plaintiff brought this action under 42 U.S.C. § 1983 and claims that these events were a violation of his rights under the Fourteenth Amendment and Americans with Disabilities Act.[3] The Court has permitted Plaintiff to proceed *in forma pauperis* in the instant proceeding under 28 U.S.C. § 1915(a). Summons has

---

[1] R. Doc. 1 at 1.
[2] *Id.*
[3] *Id.* at 3.

1

not issued, however, to allow the Court to review Plaintiff's Complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. The Court ordered that Plaintiff show cause why his Complaint should not be dismissed for failure to state a claim.[4] Plaintiff did not respond to that order.

## I.    Standard of Law

"There is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). "It is left to the discretion of the court to which the application is made to determine whether the petition on its face is frivolous or lacking in merit." *Id.*

28 U.S.C. § 1915(e)(2) requires summary dismissal *sua sponte* should the Court determine that a case is frivolous or fails to state a claim on which relief may be granted. It provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> > **(A)** the allegation of poverty is untrue; or
> > **(B)** the action or appeal--
> > **(i)** is frivolous or malicious;
> > **(ii)** fails to state a claim on which relief may be granted; or
> > **(iii)** seeks monetary relief against a defendant who is immune from such relief.

---

[4] R. Doc. 5.

28 U.S.C. § 1915(e)(2). A complaint is frivolous "if it lacks an arguable basis in law or fact." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A complaint fails to state a claim upon which relief may be granted when it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## II.    Analysis

### A.    Plaintiff has failed to allege a violation of his own personal rights under § 1983.

To claim a violation of her constitutional rights under § 1983, a plaintiff is required to "to prove some violation of his personal rights." *Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986); *see also Resendez v. Texas*, 440 F. App'x 305, 306 (5th Cir. 2011). Here, Plaintiff's claims are based on the alleged violation of his father's constitutional rights rather than his own rights. As he has not alleged any violation of his own personal constitutional rights, Plaintiff fails to state a § 1983 claim on which relief may be granted.[5]

### B.    Plaintiff's allegations do not set forth a cognizable ADA claim.

Plaintiff alleges that Judge Haggerty did not allow Plaintiff to have his phone,

---

[5]Plaintiff argues that Defendants' conduct constitutes a conspiracy against rights under 18 U.S.C. § 241, and deprivation of rights under color of law under 18 U.S.C. § 242. These statutes, however, do not provide Plaintiff with a civil cause of action. *See Gill v. State of Texas*, 153 F. App'x 261, 262 (5th Cir. 2005) ("18 U.S.C. §§ 241 and 242 do not provide a basis for civil liability.").

which Plaintiff characterizes as a medical device, in court or at the courthouse.[6] "To establish a prima facie case of discrimination under the ADA, a plaintiff must demonstrate: (1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability." *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671–72 (5th Cir. 2004). Plaintiff's allegations fall far short of this standard. Moreover, and as set forth below, Defendants are entitled to immunity relative to the claims against them.

### C. Judicial immunity bars the claims against Judge Haggerty.

"It is well established that judges enjoy absolute immunity for judicial acts performed in judicial proceedings." *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996) (citation omitted). "Although unfairness and injustice to a litigant may result on occasion, it is a general principle that a judicial officers shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles v. Waco*, 502 U.S. 10 (1991) (internal citation and quotation omitted). Judicial immunity can be overcome in two sets of circumstances: (1) when a judge acts outside their judicial capacity; and (2) when the judge acts in the clear absence of all jurisdiction. *Id.* at 11–12.

---

[6] *Id.*

4

The Fifth Circuit has set out a four-factor test to determine whether a judge's actions were judicial in nature: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993). Here, Plaintiff alleges that Judge Haggerty erred in declining to dismiss the charges against Mr. McManus and that Judge Haggerty did not allow Plaintiff to have his phone in court or at the courthouse. Judge Haggerty's actions meet the Fifth Circuit factors: his actions are within the normal judicial function, occurred in the court, centered around a case involving Mr. McManus, and arose out of a visit to court. Nor does Plaintiff allege that Judge Haggerty acted without jurisdiction. Thus, judicial immunity requires the dismissal of Plaintiff's claims against Judge Haggerty. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages.").

### D.    Prosecutorial immunity bars the claims against City Prosecutor Reginald J. Laurent.

A state prosecutor whose "activities [are] intimately associated with the judicial phase of the criminal process" is absolutely immune from a civil lawsuit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409 (1976). A prosecutor is absolutely immune for initiating and pursuing a criminal prosecution, for actions taken in their

role as advocate for the state in the courts, or when their conduct is intimately associated with the judicial phase of the criminal process. *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016) (citations omitted). A prosecutor is afforded only qualified immunity for acts performed in the course of administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings. *Id*.

Here, Mr. Laurent is immune from liability for pursuing charges against Plaintiff's late father. *See Loupe*, 824 F.3d at 539. Plaintiff also appears to allege (or at least question whether) Mr. Laurent misrepresented to Judge Haggerty that a summons had been served on Plaintiff's late father.[7] Construed generously, Plaintiff seems to allege that by signing his name on a court document Mr. Laurent misrepresented that the summons had been served.  Any such action would be subject to prosecutorial immunity.  *See id.* To the extent that Mr. Laurent allegedly misrepresented facts in an affidavit supporting a warrant, however, absolute immunity would not apply.  "Testifying about facts is the function of the witness, not of the lawyer." *Kalina v. Fletcher*, 522 U.S. 118, 130 (1997) (finding only qualified immunity for a prosecutor who allegedly made false statements in an affidavit supporting an application for an arrest warrant). Even then, however, Plaintiff does not have a right of action under § 1983 relative to an alleged violation of his father's constitutional rights.  Thus, any such claim would be futile.

---

[7] R. Doc.  1 at 5.

## RECOMMENDATION

It is therefore **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) *superseded by statute on other grounds*.

New Orleans, Louisiana, this 3rd day of December, 2025.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE